IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMERICAN EXPRESS BANK, FSB,

    Plaintiff,

vs.

MARK PERCIN,

    Defendant.

No. CIV S-10-0331 LKK DAD PS

FINDINGS AND RECOMMENDATIONS

_____/

MARK DAVID PERCIN,

    Cross-Complainant,

vs.

AMERICAN EXPRESS FSB, et al.,

    Cross-Defendants.

_____/

    Plaintiff American Express Bank, FSB filed a civil action against defendant Mark Percin in the Nevada County Superior Court. On January 11, 2010, defendant Percin, proceeding pro se, filed a cross-complaint against the plaintiff (sued as "American Express FSB") and against American Express Blue for Business, Zwicker & Associates, P.C., Nationwide Credit, Inc., Deidra Snider, and nineteen fictitious defendants. On February 8, 2010, cross-defendant

1

Zwicker & Associates, P.C., with the consent of all other named cross-defendants, including plaintiff American Express Bank, FSB, removed the action to federal court. The case has been referred to the undersigned pursuant to Local Rule 302(c)(21) for all purposes encompassed by that provision.

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). If there is any doubt as to the right of removal, federal jurisdiction must be rejected. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The district court has a duty to establish subject matter jurisdiction over the removed action sua sponte. United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).

The general removal statute provides that "**any civil action** brought in a State court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Here, cross-defendants have removed a civil action originally filed by one of the cross-defendants.[1]

In 1941, the Supreme Court ruled that a suit in which a counterclaim is filed is not removable to federal court by the original plaintiff as counterdefendant. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 103 (1941). The Court observed that the predecessor to § 1441(a) had allowed either party to remove a suit to federal court and that Congress narrowed federal removal jurisdiction by amending the statute in 1887 to allow removal only by "the defendant or

---

[1] Defendant Zwicker's notice of removal refers to "a civil action originally filed on January 11, 2010 in the Superior Court of California, County of Nevada Case No. 75178." (Doc. No. 1 at 2.) Although defendant Percin's cross-complaint was filed on January 11, 2010 in case No. 75178, the case number appears to be the number of the civil action filed by American Express Bank, FSB against Mark Percin on August 3, 2009. (See Doc. No. 1, Ex. 1, Summons/Cross-Complaint & Compl. at 23.)

the defendants" in the suit. Id. at 104-05, 107. The Court's analysis emphasized that interpretation of the removal statutes calls for strict construction. Id. at 108.

In a recent case involving removal of a class action pursuant to the Class Action Fairness Act, the Ninth Circuit stated that "[t]he interpretation of 'defendant or defendants' for purposes of federal removal jurisdiction continues to be controlled by Shamrock, which excludes plaintiff/cross-defendants from qualifying 'defendants.'" Progressive West Ins. Co. v. Preciado, 479 F.3d 1014, 1018 (9th Cir. 2007). See also Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (referring to a "long-standing, near canonical rule" that a state plaintiff forced to defend on the basis of a cross-complaint is without authority to remove).

Although the Ninth Circuit has not ruled on the specific question of whether third-party defendants are "the defendants" for purposes of the removal statute, "the majority view is that the determination of who is a defendant is determined by the original complaint, not subsequent third or fourth-party complaints.'" HVAC Sales, Inc. v. Zurich American Ins. Group, No. C-04-03615 RMW, 2005 WL 2216950, at *3 (N.D. Cal. July 25, 2005) (quoting Schmidt v. Ass'n of Apartment Owners of Marco Polo Condominium, 780 F. Supp. 699, 702 (D. Haw. 1991)). See also Chase Bank USA, N.A. v. Duran, No. C-06-2258 MMC, 2006 WL 889432, at *1 (N.D. Cal. Apr. 5, 2006) (holding that a third-party defendant has no right to remove a case to federal court). "For more than fifty years, courts applying Shamrock Oil have consistently refused to grant removal power under § 1441(a) to third-party defendants" because they are not "the defendants" for purposes of the removal statutes. Palisades Collections, LLC v. Shorts, 552 F.3d 327, 332 (4th Cir. 2008) (holding that additional counter-defendants and third-party defendants are not "defendants" for purposes of § 1441(a)). See also First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 462-63 (6th Cir. 2002) (acknowledging that Shamrock Oil does not address the issue of removal by third-party defendants but does dictate that the phrase "the defendant or the defendants" be interpreted narrowly "to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims").

Here, the plaintiff in the removed action is one of the cross-defendants, and the cross-defendants do not appear to be "defendants" for purposes of the removal statute. In addition, the removing party has not demonstrated that this court has jurisdiction over the action arising under 28 U.S.C. § 1331. The Supreme Court has expressly held that counterclaims cannot supply the basis for § 1331 "arising under" jurisdiction. <u>Vaden v. Discover Bank</u>, ___ U.S. ___, ___, 129 S. Ct. 1262, 1273, 1276 (2009) (federal jurisdiction cannot rest upon an actual or anticipated counterclaim); <u>Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 830-32 & n.2 (2002) (a federal counterclaim, even when compulsory, does not establish "arising under" jurisdiction); <u>Great N. Ry. Co. v. Alexander</u>, 246 U.S. 276, 281(1918) (whether a case arising under a federal law is removable or not "is to be determined by the allegations of the complaint or petition and . . . cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant"). <u>See</u> <u>also</u> <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1042-43 (9th Cir. 2009) (federal jurisdiction exists only when a federal question is presented on the facts of the plaintiff's properly pleaded complaint); <u>Le v. Young Champions Recreation Programs</u>, No. SA CV 08-414 AHS (RNBx), 2008 WL 1970186, at *1 (C.D. Cal. Apr. 30, 2008) (removal cannot be based on a counterclaim, cross-claim, or third-party claim that raises a federal question).

A strong presumption for remand exists when the original jurisdiction of the court is questionable. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 565 (9th Cir. 1992). The undersigned will recommend summary remand because §1331 jurisdiction is predicated entirely on counter- and cross-claims, and removal has not been effected by "the defendant or the defendants" in the civil action in which the cross-complaint was filed.

For the reasons set forth above, IT IS RECOMMENDED that this action be summarily remanded to the Nevada County Superior Court for lack of jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

1  fourteen days after being served with these findings and recommendations, any party may file
2  and serve written objections with the court.  A document containing objections should be titled
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections
4  shall be filed and served within seven days after the objections are served.
5  DATED: February 22, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\amexbank0331.f&r.remand